IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV432 |
| | ) | |
| v. | ) | |
| | ) | |
| JACKIE BARFIELD, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's motion to dismiss defendant's affirmative defenses and counterclaim (Filing No. 26) because defendant seeks damages for stress and emotional strain which sound in tort and because plaintiff had failed to exhaust administrative remedies required under 28 U.S.C. § 2675.

A close reading of defendant's counterclaim finds that the plaintiff is mistaken as the defendant is not seeking damages for stress and emotional strain. Further, the exhaustion requirements of 28 U.S.C. § 2675 are excused where a counterclaim is compulsory rather than permissive. *See United States v. Taylor*, 342 F. Supp. 715, 718 (D. Kan. 1972). A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In determining whether a counterclaim is compulsory, "the joinder rules of the Federal Rules of Civil Procedure use the 'transaction or occurrence' as the primary grouping device." Douglas D. McFarland, *Issues in Pretrial Litigation: In Search of the Transaction or Occurrence: Counterclaims*, 40 Creighton L. Rev. 699, 732 (2007). "The policies favoring broad joinder were and are that procedure should serve substantive law,

procedural rules should promote trial on the merits, joinder rules should permit as many controversies as possible to be settled in a single lawsuit, and joinder rules should promote judicial economy and efficiency. In order to accomplish all these policies, the transaction or occurrence must be defined by the facts of the case." *Id.* (internal citations omitted).

Here, the counterclaim clearly arises out of the same transaction and occurrence because it is an assertion that the plaintiff had agreed to remove the loans, which are the subject of this action, from default status if the defendant made twelve consecutive timely payments of $85.00 per month. Defendant asserts that she made timely payments for eighteen consecutive months on these loans but that the plaintiff reneged on its agreement to remove the loans from default status. As such, the court finds that the plaintiff's complaint and the defendant's counterclaim will be determined by looking to the same set of facts. Thus, defendant's counterclaim is compulsory. Because it is compulsory, the exhaustion requirements of 28 U.S.C. § 2675 are excused. Therefore, plaintiff's motion to dismiss (Filing No. 26) will be denied.

IT IS ORDERED that plaintiff's motion to dismiss defendant's affirmative defenses and counterclaim (Filing No. 26) is denied.

DATED this 9th day of August, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge